**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE HARRIS,

Defendant-Appellant.

No. 09-3034
(D.C. No. 2:06-CR-20131-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Maurice Harris was charged with one count of distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of maintaining a residence for the purpose of distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1) and (2). Before trial the district court denied

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Harris's motion to suppress evidence obtained in the search of his residence. Mr. Harris was found guilty of both charges by a jury and sentenced to 324 months' imprisonment. He appeals his conviction, contending that the search warrant issued by a Kansas state-court judge and relied on by the Kansas City, Kansas, police in searching his residence was not supported by probable cause, resulting in a violation of the Fourth Amendment.

Mr. Harris argues that the information in the affidavit supporting the warrant was stale when the warrant was issued and that details of three controlled sales to a confidential informant were lacking, as were details about complaints received by the police concerning activity at the residence. He also objects to references in the affidavit to his past murder conviction and to past drug charges against him that had been dismissed.

In reviewing the legality of a search warrant, the district court and this court owe considerable deference to the issuing judge's finding of probable cause to support a warrant. *See United States v. Hatfield*, 333 F.3d 1189, 1193 n.1 (10th Cir. 2003). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). As a reviewing court, our duty "is simply to ensure that the

magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal quotation marks and alterations omitted).

With respect to Mr. Harris's staleness objection, we agree with the district court that even though some of the background information in the affidavit regarding his criminal history and older complaints of drug activity at the house were somewhat out-of-date, that information was sufficiently updated with details of recent complaints and the three controlled buys, the last buy occurring within 48 hours of the issuance of the warrant. *See United States v. Cantu*, 405 F.3d 1173, 1178 (10th Cir. 2005) ("otherwise stale information may be refreshed by more recent events").

The affidavit contained information relating to Mr. Harris's criminal past, including an arrest for drug-related activities; reference to public records establishing him as the owner of the target residence; complaints of suspected illegal activity at the residence (one as recent as six weeks before the warrant issued); reference to three controlled buys at the residence, arranged through a confidential police informant (one occurring within 48 hours of the warrant); the affiant's reasons for believing that the informant was reliable; and specific details of the last controlled buy. A reasonable reading of the affidavit as a whole reveals a substantial basis for the state-court judge to have issued the warrant based on the fair probability that evidence of crime would be found at Mr. Harris's residence. *See United States v. Artez*, 389 F.3d 1106, 1115

(10th Cir. 2004) (rejecting challenge to validity of warrant when information therein included tips from confidential and anonymous informants, successful execution of two controlled buys, surveillance indicating a series of visitors staying for short periods of time, and the drug-related criminal histories of four inhabitants of or visitors to the suspect residence).

Finally, Mr. Harris argues that because certain state-law technicalities were not observed with regard to filing the warrant, his rights have been substantially affected and the evidence gained pursuant to the warrant therefore should have been suppressed. But "the fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended." *United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999) (internal quotation marks and alteration omitted).

Because there was no violation of the United States Constitution here, the judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge